443 P.2d 916

Ethel ZAKROFF, Appellant,

v.

Conrad W. MAY and Jane Doe May, his wife, and Kenneth Hughes and Jane Doe Hughes, his wife, dba Hole 'N One Donut Shop, Appellees.

No. 1 CA–CIV 620.

Court of Appeals of Arizona.

July 18, 1968.

Rehearing Denied Sept. 18, 1968.

Review Denied Oct. 22, 1968.

Langerman, Begam & Lewis, by Frank Lewis, Phoenix, and John J. Dickinson, Phoenix, for appellant.

Jennings, Strouss, Salmon & Trask, by William T. Birmingham, Phoenix, and Nicholas Udall, Phoenix, for appellees.

HATHAWAY, Chief Judge.

The appellant was the plaintiff in a Maricopa County superior court action to recover for personal injuries sustained on the premises of a shop operated by the Hughes. The case was tried to a jury which returned a verdict in favor of all the defendants and judgment was entered thereon. The plaintiff subsequently moved for a new trial or, in the alternative, for entry of judgment in favor of the plaintiff. The motion was denied and this appeal followed.

It is contended that the trial court erred in vacating a default judgment (as to liability only) entered against the defendants upon plaintiff's motion pursuant to Rule 37(b), subd. 2(iii), Rules of Civil Procedure, 16 A.R.S. The record discloses various pretrial sorties concerning answers to interrogatories propounded by the plaintiff to the defendants.

The record on appeal does not contain the plaintiff's motion to set and certificate of readiness. We accept as true, for lack of challenge, the statement in defendant's brief that such documents were filed and contained allegations as follows:

"That he [plaintiff's counsel] had completed all procedures intended to be undertaken prior to trial under Rules 26 to 37"

and that

"All of the parties have completed or have had reasonable opportunity to complete such procedures." [1]

Defendants filed a controverting certificate which indicated that they had not completed their discovery procedures.

Approximately three weeks after entry of the pretrial order, the plaintiff filed a "motion for judgment by default, or in the alternative for other sanctions." The grounds stated in the motion were "that the defendants have refused and continue to refuse to fully answer interrogatories submitted to them by the plaintiff, in defiance of the orders of this court requiring answers to be made."

The motion was denied for the stated reason that it was not timely and should have been raised at the pretrial conference. Plaintiff immediately filed a motion to reconsider the foregoing motion, and after a hearing on same, the court granted it. Judgment was entered in favor of the plaintiff and against the defendants and a date was set for hearing on the question of the amount of damages to be awarded the plaintiff.

A few days after entry of this judgment, the defendants filed their motion to set aside the default and default judgment. The grounds set forth in the motion were "that such order is unjust and harsh, and

---

1. This would appear to be in compliance with Rule 5, Uniform Rules of Practice of the Superior Court, 17 A.R.S., which was in effect at the time in question and required certification in the certificate of readiness that the attorneys had completed all discovery.

an abuse of the court's discretion" and "that the conduct of defendants' counsel was excusable under the circumstances of this case, and was as a result a mistake and surprise as appears herein." At the time set for hearing, a partial presentation was made to the court by the defendants in support of their motion to vacate. (The same judge who presided at the pretrial conference and entered the pretrial order and subsequently granted the default judgment presided at the hearing.) Because of time limitations, the hearing was terminated before defendants completed their presentation and without plaintiff's counsel having an opportunity to be heard. The transcript of the hearing discloses that the trial judge had serious misgivings about the propriety of his ruling on the motion for default judgment:

"I think this whole thing since then has been a comedy of errors due to the fact that the pretrial order, due to my fault, perhaps, was not sufficiently specific. But in a matter of all equity and justice to Mr. Rosen and Mr. Birmingham, I was firmly of the opinion and thought I had ordered the discovery was at an end at pretrial and any objection to discovery was at an end at pretrial at that time, and if I didn't enter that order, I am of the opinion to do so at this time unless counsel want to enter any further formal evidence in the record."

The following day, the trial court declined to hear further testimony:

"Gentlemen, I have gone over this again and thought about it some more, and it seems to me unnecessary and perhaps even a bit ridiculous to take testimony in open court concerning a motion.

"I am absolutely certain in my own mind what the proper order was that should have been entered at the pretrial."

And:

"Gentlemen, I don't propose to take any evidence; I don't propose to hear any further arguments from counsel.

The only thing I propose to do is enter *what I consider to be the only just order in the case,* and to allow counsel to make whatever offers of proof they want and complete the record, or any objections you care to make to my procedures.

\* \* \* \* \* \*

"It is ordered setting aside the entry of default.

"It is further ordered setting aside the default and judgment.

"It is ordered amending the pretrial order to reflect that all discovery; all objections to discovery; and all requests for additional discovery answers terminated as of the date of the pretrial, April 21, as to both parties." (Emphasis supplied)

Rule 37(b), Rules of Civil Procedure, 16 A.R.S., vests a trial court with discretion to enter a judgment by default against a party who refuses to obey a court order directing him to answer designated questions propounded upon interrogatories. The Supreme Court of the United States has held that where the failure to comply with the discovery order is because of inability to do so rather than because of willfulness, bad faith, or any fault of the party, an action should not be dismissed and less drastic sanctions provided by the Rule should be invoked. Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958).

Under Rule 37(b), a trial court is to make "such orders in regard to the refusal as are just." The sanctions of dismissal and entry of default judgment being so harsh, courts have expressed a preference for less drastic sanctions. See, e. g., Oaks v. Rojcewicz, Alaska, 409 P.2d 839 (1966); Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962), cert. denied, 371 U.S. 955, 83 S.Ct. 502, 9 L.Ed.2d 502 (1963); Independent Productions Corporation v. Loew's Inc., 283 F.2d 730 (2d Cir. 1960); see also Waterman, An Appellate Judge's Approach When Reviewing District Court Sanctions Imposed For The Purpose of Insuring Com-

**104**

pliance with Pretrial Orders, 29 F.R.D. 420 (1961).

The courts of this state have been equally reluctant to invoke such drastic sanctions. See Foster v. Brooks, 7 Ariz.App. 320, 438 P.2d 952 (1968); Treadaway v. Meador, 103 Ariz. 83, 436 P.2d 902 (1968). As stated in *Treadaway*:

> "We do not think, however, that Rule 37(b) 2(iii), supra, where it is used as a sanction for failure to answer interrogatories, should, in the interest of justice, be so rigidly enforced. Litigation ought not be treated as a game but should be disposed of, where possible, upon its merits." 436 P.2d at 903.

■ It should be borne in mind that the granting of a judgment against a party solely for disobedience of a discovery order is a stringent measure which should be employed with caution and restraint. Less serious sanctions undoubtedly could be resorted to in order to accomplish the desired result, especially where there is any risk of injustice by depriving a party of a meritorious cause of action or defense. At the very least, the trial court should determine whether the failure to answer interrogatories was willful, Frates v. Treder, 249 Cal.App.2d 199, 57 Cal.Rptr. 383 (1967); Fairfield v. Superior Court, 246 Cal.App.2d 113, 54 Cal.Rptr. 721 (1966), and whether the circumstances are so aggravated as to justify the drastic action.

■ We are not called upon to determine the propriety of the trial court's actions in ordering entry of default judgment. The court, however, did have the power to reconsider and set aside these orders. Fred Howland Company v. Superior Court, 244 Cal.App.2d 605, 53 Cal.Rptr. 341 (1966); Jacuzzi v. Jacuzzi Brothers, Inc., 243 Cal.App.2d 1, 52 Cal.Rptr. 147 (1966). We cannot say that he abused his discretion in this regard. He apparently was satisfied that any noncompliance on the part of the defendants, if such there was, was not willful but rather the result of a "comedy of errors." Support for his conclusion can be found by examination of the record of the pretrial proceedings which, to say the least, could have engendered misinterpretation.

The record does not disclose whether the court-ordered termination of discovery as of the date of the pretrial conference was predicated upon a finding that the defendants had complied with the discovery orders. However, assuming arguendo that the defendants had not so complied and that the plaintiff was entitled to additional answers to the interrogatories, we find no resultant prejudice to the plaintiff upon which to predicate reversal. Art. 6, § 27, Arizona Constitution, A.R.S.

■ At the time of trial, the plaintiff objected to allowing a witness who was not named in the answers to the interrogatories to testify. Under such circumstances, a trial court has broad discretion in the matter of permitting such testimony. Falcone v. New Jersey Bell Telephone Company, 98 N.J.Super. 138, 236 A.2d 394 (1967); Macshara v. Garfield, 20 Utah 2d 152, 434 P.2d 756 (1967); Frozen Food Express v. Modern Truck Lines, Inc., 79 Ill.App.2d 84, 223 N.E.2d 275 (1967); Cardenas v. Peterson Bean Company, 180 Neb. 605, 144 N.W.2d 154 (1966).

■ The trial judge fully inquired into the circumstances, outside the presence of the jury. It appeared that the witness was unknown to the defendants until just before trial. Plaintiff's counsel was thereupon afforded an opportunity to take the witness' deposition and was thus apprised of the testimony that he would give at the trial. We thus see no prejudice to the plaintiff in allowing the witness to testify.

■ The plaintiff contends that it was error to submit the issue of contributory negligence to the jury. We agree that it is error to submit the issue to the jury when there is *no* evidence in the record from which a reasonable man could find that the plaintiff was guilty of contributory negligence. Sax v. Kopelman, 96 Ariz. 394, 396 P.2d 17 (1964).

Briefly the facts are as follows. The plaintiff was injured when she fell just inside the entrance immediately after entering the defendant's donut shop. The physical arrangement of the shop was such that within approximately three feet of the doorway was a counter and a row of stools on the right hand side running perpendicular to the door. The floor of the shop was concrete. The stools were set on a platform rising about four and one half inches from the floor, the vertical side of which was covered with linoleum. At the time of the accident, a small piece of linoleum was broken off at the corner of the platform closest to the door. The plaintiff testified that she was looking straight ahead when she entered the shop and that she fell because:

"Something held back my shoe."
and

"Something caught my foot and held me back and I couldn't prevent—I tried to straighten up but I couldn't prevent the fall."

A police officer who investigated the accident testified that he found the plaintiff's right shoe with the heel still stuck in the broken linoleum and the sole up on the ledge. He also testified that the plaintiff told him that she was walking up to sit down and somehow her shoe or foot got caught and she fell down.

Defendant Hughes testified that the plaintiff hooked her heel on the corner of the platform, that there was nothing there but the platform, and that he saw nothing sticking out from the platform when he mopped it later that day. He further testified that right after the accident he overheard the plaintiff describing to her companion how she hooked the heel of her shoe on the corner of the platform. Another witness, a regular patron of the donut shop, testified that the plaintiff's shoe was on top of the platform after the fall and that he did not recollect anything protruding from the platform. He also stated that he had never encountered difficulty in entering the restaurant and that the dis-

tance between the entryway and the platform was about 40 inches.

Admitted into evidence were various photographs of the portion of the premises where the fall occurred. They clearly depicted the relation of the counter and the stool platform in relation to the entryway and the location of the missing piece of linoleum. Plaintiff's deposition, admitted into evidence, indicates that she intended to sit on a stool in the middle of the counter. She also stated that she "walked into the shop and was looking ahead, whichever direction that would be." It does not appear from the record whether the plaintiff had ever previously patronized the shop.

■ If there is any evidence from which a plaintiff's contributory negligence may be inferred, the issue must be submitted to the jury. Wade v. Reimer, Okl., 359 P.2d 1071 (1961); Goodridge v. Davis, Okl., 345 P.2d 894 (1959). We believe, from the testimony presented, that the jury might have found that the plaintiff stepped up onto the platform and that a normally prudent person would not have done so under the circumstances. We find no error in submission of the issue to the jury. Bryant v. Thunderbird Academy, 103 Ariz. 247, 439 P.2d 818 (1968).

■ The plaintiff further challenges as erroneous an instruction on contributory negligence, but has not complied with Rule 5(b)(10) of the Rules of Supreme Court, 17 A.R.S. which states:

"Instructions given or refused, of which a party complains or relies on, shall be set forth in haec verba in the appendix to the brief."

We therefore decline to consider the challenged instruction.

■ Plaintiff contends that a new trial should have been granted because prejudicial and inflammatory evidence was placed before the jury. The "inflammatory evidence" consisted of certain questions asked by defense counsel on cross-examination of plaintiff's doctor as to whether he had spoken to certain other

doctors and whether he knew that these doctors had treated the plaintiff.[2] Now, for the first time, plaintiff's counsel objects to the questions concerning other doctors. Even if this line of questioning were improper, a matter which we do not pass upon, counsel's failure to interpose any objection in the trial court when these questions were propounded precludes consideration on appeal. Verdugo v. Po Shing Gee, 4 Ariz.App. 113, 417 P.2d 747 (1966); Tanner v. Pacioni, 3 Ariz.App. 297, 413 P.2d 863 (1966); Jost v. Ross, 82 Ariz. 245, 311 P.2d 840 (1957).

Finding no reasons for reversal, the judgment is affirmed.

MOLLOY and KRUCKER, JJ., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.

2. Prior to this, defense counsel had asked the witness whether he had treated the plaintiff in connection with other litigation arising out of a fall that the plaintiff had sustained at the Arizona Manor Hotel while she was dancing. Plaintiff's counsel objected, the objection was sustained and the jury instructed to disregard the question. The court directed defense counsel to refrain from referring to matters not in evidence.