625 P.2d 932

**J–R CONSTRUCTION CO., an Arizona Corporation, Plaintiff-Appellee,**

v.

**PADDOCK POOL CONSTRUCTION CO., an Arizona Corporation, Defendant-Appellant.**

**No. 1 CA–CIV 4730.**

Court of Appeals of Arizona, Division 1, Department C.

Jan. 15, 1981.

Rehearing Denied March 10, 1981.

Review Denied March 31, 1981.

Thayer C. Lindauer, P. C. by Thayer C. Lindauer, Phoenix, for plaintiff-appellee.

Jennings, Strouss & Salmon by Charles M. Santaguida, Phoenix, for defendant-appellant.

## OPINION

McFATE, Judge (Retired).

The issue on appeal is whether the trial court abused its discretion in setting aside its previous judgment dismissing appellee's complaint.

Appellee brought suit against appellant for damages for breach of a construction contract. Discovery procedures were commenced by both sides. Following appellee's repeated delays in answering interrogatories, appellant brought a motion to compel discovery. The parties stipulated to an order on August 2, 1977 requiring appellee to answer the interrogatories by August 19, 1977 and assessing attorney's fees against appellee in the amount of $250.00.

Appellee promptly answered the propounded interrogatories, but when payment of the ordered attorney's fees was not made, appellant moved to dismiss appellee's complaint for failure to comply with the trial court's order. The trial court granted appellant's motion to dismiss by minute entry dated November 20, 1978, despite the assertions of the president and sole shareholder of the appellee that the corporation was insolvent, subject to a federal tax levy, and that he, the president, had recently been subjected to staggering medical expenses for his son and was thus unable to pay the ordered fees. Formal judgment was entered on December 5, 1978.

On December 4, 1978, appellee filed a pleading entitled "Motion for Rehearing upon Motion to Dismiss." In that motion, appellee alleged that the $250.00 had been tendered to and refused by counsel for appellant and asked that the order dismissing the complaint be set aside. The trial court granted appellee's motion on January 18, 1979, and further ordered that the $250.00 be re-tendered. The formal order setting aside the dismissal was entered that same day. It is from this order that appellant brings this appeal.

Rule 37(b), Arizona Rules of Civil Procedure, provides certain sanctions which may be imposed by the trial court, at its discretion, against a party who fails to comply with a discovery order. Rule 37(b)(2)(C) specifically authorizes the sanction of dismissal. The trial court has broad discretion in imposing sanctions pursuant to rule 37(b). *Fleitz v. Van Westrienen*, 114 Ariz. 246, 560 P.2d 430 (App.1977). This discretion is more limited, however, where the

ultimate sanctions of dismissal or entry of default judgment are involved. *Sears, Roebuck and Company v. Walker*, Ariz.App., 621 P.2d 938 (1980); *Golleher v. Horton*, 119 Ariz. 604, 583 P.2d 260 (App.1978); *Zakroff v. May*, 8 Ariz.App. 101, 443 P.2d 916 (1968). The trial court is to make "such orders in regard to the failure as are just" under rule 37(b). Interpreting this language, the Supreme Court of the United States held:

> [W]e think that Rule 37 should not be construed to authorize dismissal ... when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of [the party].

*Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958).

Arizona courts have also been reluctant to impose dismissal or entry of default where less drastic sanctions could have been appropriate under the circumstances. *Zakroff, supra; Treadaway v. Meador*, 103 Ariz. 83, 436 P.2d 902 (1968); *Foster v. Brooks*, 7 Ariz.App. 320, 438 P.2d 952 (1968). In addition, Arizona has long been in favor of a trial on the merits to dispose of claims wherever possible. *Daniel v. City of Tucson*, 52 Ariz. 142, 79 P.2d 516 (1938). The Arizona Supreme Court stated in *Treadaway*:

> We do not think, however, that Rule 37(b)(2)(iii), supra [now Rule 37(b)(2)(C)], where it is used as a sanction for failure to answer interrogatories, should, in the interest of justice, be so rigidly enforced. Litigation ought not be treated as a game but should be disposed of, where possible, upon its merits. 103 Ariz. at 84, 436 P.2d at 903.

The *Zakroff* court noted:

> [T]he granting of a judgment against a party solely for disobedience of a discovery order is a stringent measure which should be employed with caution and restraint. Less serious sanctions undoubtedly could be resorted to in order to accomplish the desired result, especially where there is any risk of injustice by

depriving a party of a meritorious cause of action or defense. 8 Ariz.App. at 104, 443 P.2d at 919.

Here, the interrogatories were promptly answered after the court's order so requiring. Appellee's testimony as to inability to pay was not refuted. (The money later tendered was advanced by counsel.)

The trial judge inappropriately cited rule 60(c), Arizona Rules of Civil Procedure, as authority for his order setting aside the dismissal. Appellant argues that appellee's motion for rehearing did not set forth sufficient grounds to justify relief under rule 60(c), and we agree. In this connection, we note that appellee's motion and memorandum of authorities submitted to the trial judge did not mention rule 60(c), nor did it mention rule 59, Arizona Rules of Civil Procedure. The first reference in the trial court to rule 60(c) was in appellant's opposing memorandum. However, appellee's motion and memorandum did urge the trial judge to vacate the judgment on the basis that it constituted an abuse of discretion, was not justified by the evidence, and was contrary to law, all of which grounds are specifically set forth in rule 59(a)(1) and (8).

Where the decision below is the correct one, albeit made for the wrong reasons, this court will uphold the decision. *Chavez v. Tolleson Elementary School District*, 122 Ariz. 472, 595 P.2d 1017 (App.1979).

■■■ Rule 59(a), Arizona Rules of Civil Procedure, states in part:

Rule 59. New trial; amendment of judgment

59(a) Procedure; grounds. A verdict, decision or judgment may be vacated and a new trial granted on motion of the aggrieved party for any of the following causes materially affecting his rights:

1. Irregularity in the proceedings of the court, referee, jury or prevailing party, *or any order or abuse of discretion*, whereby the moving party was deprived of a fair trial.

8. That the verdict, decision, findings of fact, or judgment is not justified by

the evidence or is contrary to law. (emphasis added)

A motion for a new trial may be directed against a summary judgment. *Maganas v. Northroup*, 112 Ariz. 46, 537 P.2d 595 (1975). It follows, then, that such a motion may be directed against a dismissal under rule 37(b). Despite a lack of express reference to rule 59, both appellee's motion and his answering brief substantially assert as a basis for remedial relief grounds specified in that rule. This lack of express reference to the rule is not fatal to the motion. *See Stoneberg v. Northwood*, 121 Ariz. 230, 589 P.2d 473 (App.1978). We are not unmindful of the recent line of cases indicating that at least some reference to the rule should be made in the body of the motion. *See Hegel v. O'Malley Insurance Co., Inc.*, 117 Ariz. 411, 573 P.2d 485 (1977); *Ray Korte Chevrolet v. Simmons*, 117 Ariz. 202, 571 P.2d 699 (App.1977). Those cases, however, involve the effect of a new trial motion in tolling the time for filing notice of appeal under rule 9, Arizona Rules of Civil Appellate Procedure. They are not directed to the propriety of the trial court granting the motion itself.

*Carollo Engineers v. Sharpe*, 117 Ariz. 413, 573 P.2d 487 (1977), bears a close analogy to the instant case. There it was held the judge may *sua sponte* treat a motion for reconsideration of summary judgment as a motion for new trial under rule 59(a) on the basis that:

> [A] timely motion for reconsideration filed in an attempt to gain vacation of a summary judgment is not factually distinguishable from a Rule 59(a) motion for a new trial attacking a summary judgment. 117 Ariz. at 415, 573 P.2d at 489.

By the same reasoning, the motion to vacate the judgment in the case at bar is not factually distinguishable from a rule 59(a) motion attacking that judgment. We find that the trial court properly set aside the order of dismissal, and that the authority for so doing is found in rule 59.

Affirmed.

OGG, P. J., and O'CONNOR, J., concur.