219 P.3d 291

**Anant Kumar TRIPATI, Plaintiff/Appellant,**

v.

**Tom FORWITH, Wade Woolsey; Mary Stillings; Terry Stewart, Defendants/Appellees.**

**No. 1 CA–CV 07–0255.**

Court of Appeals of Arizona, Division 1, Department E.

Nov. 3, 2009.

Anant Kumar Tripati, Tucson, In Propria Persona.

Terry Goddard, Attorney General By Shane P. Dyet, Phoenix, Attorneys for Defendants/Appellees.

## OPINION

GEMMILL, Judge.

¶ 1 Plaintiff/appellant Anant Kumar Tripati appeals the trial court's denial of his motion to set aside the judgment and his subsequent motion for a new trial. For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶ 2 Tripati is an inmate in the Arizona Department of Corrections ("ADOC"). In July 2002, he filed a complaint against various ADOC staff alleging they had lost his personal property. The trial court granted summary judgment in favor of the defendants, ruling that Tripati's claims were barred by Arizona Revised Statutes ("A.R.S.") section 31–201.01(L) (2002).[1] Tripati filed a timely appeal and, in a memorandum decision, this court affirmed. *See Tripati v. Forwith,* 1 CA–CV 03–0435 (Ariz.App. Jan. 8, 2004) (mem. decision). The mandate issued in May 2004.

¶ 3 In November 2004, Tripati filed a "Motion to Vacate for Fraud," which the trial court treated as a motion for relief from judgment pursuant to Arizona Rule of Civil Procedure 60(c). Tripati alleged the assis-

---

1. Under that statute, an inmate in Arizona may not bring a cause of action against the State or its employees for injuries suffered while in custody "unless the complaint alleges specific facts from which the court may conclude that the plaintiff suffered serious physical injury or the claim is authorized by a federal statute." A.R.S. § 31–201.01(L).

tant attorney general assigned to the case had committed fraud in obtaining summary judgment. Specifically, Tripati alleged the attorney had forged two of the defendants' responses to interrogatories. He attached several exhibits to his motion, including two letters purportedly from ADOC staff members: one letter stated that an assistant attorney general had asked an affiant, Ernie Ruiz, to submit an affidavit the assistant attorney general knew was false; the other letter stated that the responses to interrogatories signed by two defendants were not the same documents signed by the assistant attorney general who prepared the responses.

¶ 4 Appellees responded that Tripati had filed an identical Rule 60(c) motion in a prior case, CV 1999–020757, that made the same allegations of fraud. The trial court in that case (hereinafter the "*Tripati* court") found Tripati had failed to prove by clear and convincing evidence that the assistant attorney general had committed fraud. It noted that Ruiz had submitted a second affidavit stating his prior affidavit was in fact true and correct, and it found Tripati's motion relied upon unverified hearsay. Tripati's appeal of the *Tripati* court's decision was pending before the court of appeals, and Appellees asserted that the trial court in this case was bound by the *Tripati* court's decision if it was affirmed by the court of appeals.

¶ 5 After a hearing, the trial court ruled: "Because the issues essential to the resolution of Mr. Tripati's arguments here are pending review in the Court of Appeals, the interests of judicial economy and avoidance of inconsistent judgments counsel in favor of deferring decision of this matter until the Court of Appeals has ruled."

¶ 6 In May 2006, another panel of this court affirmed the *Tripati* court's judgment. *See Tripati v. State*, 1 CA–CV 05–0382 (Ariz. App. May 18, 2006) (mem. decision). Appellees filed a "Notice of Appellate Decision and Motion to Find Issue Preclusion." They asserted that "[b]ecause the Court of Appeals has affirmed the *Tripati* court's decision addressing the same issue, that court's decision governs this matter requiring dismissal of Plaintiff's pending Rule 60 motion."

¶ 7 The trial court agreed, and as we explain below, it found in a signed minute entry order that "the Court of Appeals' Memorandum Decision in 1–CA–CV 05–0382 is conclusive of this matter under the Doctrine of Collateral Estoppel. Accordingly, it is ordered denying Plaintiff's Motion to Set Aside." Tripati timely filed a motion for a new trial pursuant to Rule 59(a), Ariz. R. Civ. P., which the court denied. Tripati now appeals from the denial of his Rule 60(c) and Rule 59(a) motions.

## JURISDICTION

¶ 8 The procedural history of this case raises two issues affecting our jurisdiction. A timeline of events that occurred after the mandate issued from this court in May 2004 will be helpful to our analysis:

November 17, 2004: Tripati filed his motion for relief pursuant to Rule 60(c).

September 11, 2006: The trial court denied the motion in a signed minute entry.

September 20, 2006: Tripati filed his motion for a new trial pursuant to Rule 59(a)(1), (3).

October 12, 2006: The trial court denied the motion in an unsigned minute entry.

November 13, 2006: Tripati requested that the trial court issue a signed order denying his Rule 59(a) motion.

January 22, 2007: The trial court denied the request.

February 16, 2007: Tripati filed a notice of appeal from the denial of his Rule 60(c) and Rule 59(a) motions.

May 17, 2007: Tripati filed a motion with this court requesting a remand to the trial court for a signed order denying his motion for new trial.

June 6, 2007: A motions panel of this court denied the motion.

¶ 9 In its order denying Tripati's May 17, 2007 motion, our motions panel stated:

[W]hen a minute entry denying a motion for new trial is not reduced to a written, signed order, A.R.S. § 12–2102(B) empowers this court to review the denial of a motion for new trial as part of the review of the signed, final judgment. *See Bauer*

*v. Crotty,* 167 Ariz. 159, 163 n. 1, 805 P.2d 392, 396 n. 1 (App.1991). Therefore, it is unnecessary for appellant to obtain a signed order denying his Rule 59(a) motion.

### The Necessity of Entry of a Signed Order Denying the Motion for New Trial

¶ 10 We first discuss whether it was necessary for Tripati to obtain a signed order denying his Rule 59(a) motion. Prior to considering the merits of Tripati's appeal, this panel addressed whether the entry of a signed order denying the Rule 59(a) motion was necessary. We determined that, absent a signed order, the appeal was premature and we lacked jurisdiction. *See Baumann v. Tuton,* 180 Ariz. 370, 372, 884 P.2d 256, 258 (App.1994) (stating court of appeals generally lacks jurisdiction over premature appeals).

¶ 11 Accordingly, we suspended the appeal for the purpose of giving Tripati the opportunity to obtain a signed order from the superior court, which has now been accomplished. We therefore have jurisdiction to proceed with this appeal.

¶ 12 Because we disagree with the decisions of the trial court and our colleagues on the motions panel that it was unnecessary for Tripati to obtain a signed order, we explain our rationale in this opinion. We base our decision primarily on Rule 9 of the Arizona Rules of Civil Appellate Procedure ("AR-CAP").

¶ 13 Under Rule 9(a), a notice of appeal must be filed "not later than 30 days after the entry of the judgment from which the appeal is taken." A "judgment" is an appealable order that is in writing, signed by an appropriate judicial officer, and entered in the record. *See* Ariz. R. Civ. P. 54(a) & 58(a); *see also* ARCAP 2(d). The time to appeal is tolled, however, if a party files, *inter alia,* a motion for a new trial pursuant to Rule 59(a).[2] *See* ARCAP 9(b). The time to appeal begins to run again upon entry of the order granting or denying the motion for

a new trial. *Id.* Rule 9(b) specifically provides:

> For the purposes of this subdivision, entry of an order occurs when a signed written order is filed with the clerk of the superior court.

*Id.*

¶ 14 Tripati could have filed a notice of appeal not later than thirty days after the entry of the signed order denying his Rule 60(c) motion. *See M & M Auto Storage Pool, Inc. v. Chem. Waste Mgmt., Inc.,* 164 Ariz. 139, 141, 791 P.2d 665, 667 (App.1990) (holding that an order denying or granting a motion to set aside a judgment pursuant to Rule 60(c) is appealable as a special order made after final judgment). He did not do so. Instead, he filed a timely motion for a new trial, one of the "time-extending" motions under Rule 9(b). His subsequent notice of appeal, filed more than five months after entry of the signed order denying his Rule 60(c) motion, challenged the denial of his Rule 60(c) and Rule 59(a) motions.

¶ 15 As the last sentence of Rule 9(b) makes clear, the time to file a notice of appeal from an order resolving a Rule 9(b) "time extending" motion does not begin to run until a signed order is filed. A signed order is necessary because the time for appeal can be calculated only from the filing of a signed order. *See Dowling v. Stapley,* 221 Ariz. 251, 264, ¶ 39, 211 P.3d 1235, 1248 (App.2009). By contrast, the time for appeal cannot be calculated from an unsigned minute entry. *See Barassi,* 130 Ariz. at 421, 636 P.2d at 1203 (stating "the entry of judgment is the crucial date from which the 30 day period for appealability begins to run and not the oral direction of the judge or the entry of a minute order"). A signed order is therefore required "to determine a specific cutoff date to prevent appeals months and years after a judgment." *Id.*

¶ 16 The motions panel cited A.R.S. § 12–2102(B) and *Bauer v. Crotty,* 167 Ariz. 159, 163 n. 1, 805 P.2d 392, 396 n. 1 (App.1991), in its order.[3] These authorities establish that,

---

2. We refer hereinafter to Arizona Civil Procedure Rules 59 and 60 as simply "Rule 59" and "Rule 60," and we refer to ARCAP 9 as "Rule 9."

3. Section 12–2102(B) pertains to an appellate court's scope of review and provides: "If a motion for new trial was denied, the court may, on appeal from the final judgment, review the order

when a party files a notice of appeal not later than thirty days after the entry of final judgment but does not notice an appeal from the denial of a motion for a new trial, the court of appeals may nonetheless review the order denying the motion for a new trial as part of its review of the final judgment. This principle is inapplicable here because, as mentioned above, Tripati filed his notice of appeal more than thirty days after entry of the order denying his Rule 60(c) motion and the order denying the new trial motion was not final under Rule 9(b) until signed and entered.

¶ 17 Accordingly, pursuant to the specific language of Rule 9(b), we conclude that Tripati was required to obtain a signed order denying his motion for a new trial and to appeal not later than thirty days after the entry of that order. Because the trial court initially denied Tripati's request for a signed order denying his motion for a new trial, his notice of appeal was filed prior to entry of a signed order. This particular procedural irregularity is not fatal to an appeal. *See Barassi v. Matison,* 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981); *see also Engel v. Landman,* 221 Ariz. 504, 508, ¶ 11, 212 P.3d 842, 846 (App.2009) (noting premature notice of appeal should not be dismissed when "only ministerial tasks remained to accomplish the entry of a final judgment"). Because only the ministerial act of entering a signed order denying the Rule 59(a) motion remained to be accomplished, Tripati's premature notice of appeal is deemed effective after entry of the signed order.

### The Rule 59 Motion for New Trial Was a Time–Extending Motion

¶ 18 The next issue is whether a motion for a new trial directed against the denial of a Rule 60(c) motion extends the time to appeal until the ruling on the motion for a new trial. Appellees contend it does not, and they argue Tripati's appeal was therefore untimely and this court lacks jurisdiction. *See Edwards v. Young,* 107 Ariz. 283, 486 P.2d 181 (1971) (noting the perfecting of appeal within prescribed time is pre-requisite for appellate jurisdiction). We disagree and determine that a motion for a new trial may be a "time-extending" motion when it is used to challenge the denial of a Rule 60(c) motion.

¶ 19 We first note that a party may properly file a motion for new trial even though there has been no "trial" in the first place. *See Farmers Ins. Co. of Arizona v. Vagnozzi,* 132 Ariz. 219, 221 n. 2, 644 P.2d 1305, 1307 n. 2 (1982). For example, a Rule 59(a) motion for new trial may be directed against a summary judgment. *See Maganas v. Northroup,* 112 Ariz. 46, 48, 537 P.2d 595, 597 (1975). The time to appeal is tolled until the ruling on the motion for a new trial. *Id.* Additionally, a motion for new trial may be directed against a dismissal under Rule 37(b) for failure to comply with a discovery order. *See J–R Const. Co. v. Paddock Pool Const. Co.,* 128 Ariz. 343, 346, 625 P.2d 932, 935 (App.1981).

¶ 20 In holding that a motion for new trial may be directed against a summary judgment, the court in *Maganas* reasoned that "[l]itigation should be concluded where possible in the trial court without appeal. To that end, a litigant should be given the opportunity to persuade the trial court of its error." *Maganas,* 112 Ariz. at 48, 537 P.2d at 597. The court in *J–R Construction Company* adopted this reasoning. *See J–R Const. Co.,* 128 Ariz. at 346, 625 P.2d at 935. We, too, adopt this reasoning and conclude that a motion for new trial may be directed against the denial of a Rule 60(c) motion.

¶ 21 We also note our supreme court may have implicitly embraced this holding. In *Desmond v. J.W. Hancock Enterprises, Inc.,* 123 Ariz. 474, 475, 600 P.2d 1106, 1107 (1979), the issue was whether appellant's "motion for clarification and reconsideration" could be considered a time extending motion for a new trial. The court found the motion must be treated as a motion for a new trial because it referred to Rule 59 and sought relief on grounds set forth in the Rule. Thus, because it qualified as a motion under Rule 59, it tolled the time for appeal. *Id.* at 475, 600 P.2d at 1107. Significantly for our decision, the Desmonds' motion for new trial chal-

denying the motion although no appeal is taken from the order." This statute was applied in

*Bauer v. Crotty,* 167 Ariz. 159, 163 n. 1, 805 P.2d 392, 396 n. 1 (App.1991).

lenged the trial court's denial of their Rule 60(c) motion.

¶ 22 For these reasons, Tripati's Rule 59 motion for new trial challenging the denial of his Rule 60(c) motion constituted a time-extending motion under Arizona Rule of Civil Appellate Procedure 9(b). His notice of appeal, although premature, became effective upon entry of the signed order denying his motion for new trial. His appeal is therefore timely, and we have jurisdiction to address the merits of his appeal.

### DENIAL OF RULE 60(C) MOTION

¶ 23 Tripati contends the trial court erred in finding the claim of fraud he made in his Rule 60(c) motion was precluded by the *Tripati* court's finding he had failed to prove fraud by clear and convincing evidence in that case. He argues the doctrine of collateral estoppel should not be applied here because he submitted evidence to the trial court in this case that the *Tripati* court did not consider, specifically: (1) "a forensic examiner[']s report showing that there is no uniform manner in which documents are prepared by the ADOC"; and (2) "the repeated internal determinations by the ADOC that the Arizona Attorney General[']s staff have asked for and had documents manufactured to prevail in litigation." Whether collateral estoppel applies is a question of law that we review de novo. *See Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 8, 62 P.3d 966, 968 (App.2003).

¶ 24 We agree with Tripati that there are special circumstances in which collateral estoppel should not be applied although the technical requirements for application of the doctrine are met. *See Ferris v. Hawkins*, 135 Ariz. 329, 331, 660 P.2d 1256, 1258 (App. 1983) ("Principles of issue preclusion should not be applied, however, where 'there is some overriding consideration of fairness to a litigant, which the circumstances of the particular case would dictate.'") (quoting *Di Orio v. City of Scottsdale*, 2 Ariz.App. 329, 332, 408 P.2d 849, 852 (1965)). The Restatement of the Law of Judgments lists several such examples of when collateral estoppel should not be applied. *See* Restatement (Second) Judgments § 28 (1982).

¶ 25 Even if we assume without deciding that the existence of new evidence may con-

stitute one such circumstance, Tripati has not shown why he did not offer the relevant evidence to the *Tripati* court that he now seeks to have the trial court consider. He has not alleged it was previously unavailable or that it was recently discovered. Accordingly, the trial court did not misapply the doctrine of collateral estoppel.

### DENIAL OF RULE 59(A) MOTION

¶ 26 Tripati also appeals from the denial of his Rule 59(a) motion for a new trial. In his opening brief, however, he does not argue there was any error in the court's decision. Although he makes some argument in this regard in his reply brief, we usually do not consider arguments raised for the first time in a reply brief. *See Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91, 163 P.3d 1034, 1061 (App.2007). Furthermore, our resolution is the same even if we address the merits of his arguments: we find no error in the denial of his motion for new trial.

### DISPOSITION

¶ 27 For the foregoing reasons, the judgment is affirmed.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge, and DONN KESSLER, Judge.