NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MICHELE GRAY, *Plaintiff/Appellant*,

*v.*

CAPSTONE FINANCIAL, et al., *Defendants/Appellees*.

No. 1 CA-CV 21-0538
FILED 4-19-2022

Appeal from the Superior Court in Maricopa County
No.  CV2021-002225
The Honorable Danielle J. Viola, Judge

**AFFIRMED**

COUNSEL

Michele Gray, Troy, NY
*Plaintiff/Appellant*

Engelman Berger PC, Phoenix, AZ
By Bradley D. Pack
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Judge Peter B. Swann and Judge D. Steven Williams joined.

**B A I L E Y**, Judge:

¶1   Appellant Michele Gray challenges the dismissal of her complaint against Appellees Capstone Financial ("Capstone") and Tyler Stone.  We affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   Because Gray appeals the dismissal of her complaint, we state its relevant factual allegations and assume they are true for purposes of this appeal.  *Sullivan v. Pulte Home Corp.*, 232 Ariz. 344, 345, ¶ 2 (2013).

¶3   Cheetah Foods LLC ("Cheetah"), which Gray owns, obtained a loan from Capstone in 2016.  The loan was secured with a mortgage on a South Carolina property then owned by Cheetah.  Gray personally guaranteed the loan.

¶4   Gray sought loan modification, which Capstone, through Stone, declined.  Cheetah quitclaimed the South Carolina property to Gray, who then filed for Chapter 7 bankruptcy protection.  The bankruptcy court lifted the automatic stay to allow Capstone to foreclose on the South Carolina property, which it did in 2018.

¶5   Gray sued Appellees in February 2021, alleging violations of numerous federal statutes and regulations, wrongful foreclosure, and negligent infliction of emotional distress.  Two months later, she filed an amended complaint that alleged nearly identical claims.  Appellees successfully moved to have the case reassigned to a commercial court judge.  The commercial court judge dismissed Gray's amended complaint without prejudice and gave her approximately two weeks to file a second amended complaint, stating that "[i]f no amended complaint is filed, the Court will place the matter on the dismissal calendar . . . to be dismissed without further notice."

¶6   Four days after the court entered its dismissal order, Gray requested a one-month extension to, among other things, consult with counsel and contact the Federal Reserve Board.  She also moved to have the case assigned back to the original judge and for a more definite statement from Appellees clarifying the type of loan Cheetah obtained.

¶7   The court denied Gray's motions.  It also denied her request for additional time to file an amended complaint, stating that the deadline to do so had passed and that the bases for her request were "issues that should have been addressed before [she] filed her claim."

¶8 Gray timely appealed after the court entered a final judgment. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 12-2101(A)(1).

## DISCUSSION

¶9 The argument sections of Gray's opening and reply briefs are largely identical, listing seven and eight arguments, respectively. We address those arguments we can discern from her briefs below.

I.      Gray is Not Entitled to Special Leniency as a Pro Se Litigant.

¶10 Pointing out that she represented herself below, Gray broadly contends her claims were ignored. As discussed above, the court did not ignore her claims; it instead dismissed the case because she did not timely file an amended complaint. In any event, Arizona courts "may not afford special leniency to pro se litigants." *Flynn v. Campbell*, 243 Ariz. 76, 83-84, ¶ 24 (2017).

II.     Gray's Attorneys' Fee Award Challenge Fails.

¶11 Gray next challenges the attorneys' fee award to Appellees, contending the Social Security Act "rejects the disable[d] to pay 100% [of fees] in civil litigation." She cites no authority for this contention on appeal, but her similar objection in the superior court cited "section 206(b)(1) of the Social Security Act" (42 U.S.C. § 406(b)(1)) and 20 CFR § 404.977(a). Neither applies to the fee award in this case, which the superior court determined was appropriate under the loan documents and A.R.S. §§ 12-341.01(A) and -349.

III.    Gray Does Not Show the Assignment to a Commercial Court Judge Was Improper.

¶12 Gray next contends the case should not have been assigned to a commercial court judge because Gray "made an offer to settle for the value of [the South Carolina] property at the time of purchase." Cases seeking only monetary relief of less than $300,000 are not eligible for a commercial court assignment. Ariz. R. Civ. P. 8.1(c). Gray sought "actual monetary damages of $1.2 million, a new home valued at $250,000.00 and punitive damages of (1%) of defendant's net worth or $500,000" in her amended complaint. The assignment to a commercial court judge therefore was not improper.

IV.     Gray Does Not Develop Her Remaining Arguments.

**¶13**        An opening brief must include the appellant's "contentions concerning each issue presented for review, with supporting reasons for each contention." ARCAP 13(a)(7)(A). An appellant who does not make a "bona fide and reasonably intelligent effort to comply with the rules" waives those arguments that are "not supported by adequate explanation, citations to the record, or authority." *In re Aubuchon*, 233 Ariz. 62, 64-65, ¶ 6 (2013).

**¶14**        Gray does not develop any of her remaining arguments. For example, Gray contends the commercial court judge violated several Canons of Judicial Conduct. She does not identify any specific violations. And she only cited the listed Canons as part of her request that the judge sign the final judgment by hand. The judge signed the final judgment electronically. A hand signature is not necessary to make a judgment final and appealable. *Haywood Sec., Inc. v. Ehrlich*, 214 Ariz. 114, 117, ¶ 15 (2007). Gray also does not show that the use of an electronic signature implicates any of the Canons.

**¶15**        Gray next objects to a portion of the superior court's ruling granting Capstone's motion to dismiss without prejudice, contending the court made a "threat or warning":

> Defendants requested an award of attorneys' fees under A.R.S. § 12-341.01 and as a sanction under A.R.S. § 12-349. The Court declines to enter an award of fees at this time. The Court will consider awarding attorneys' fees either under A.R.S. § 12-341.01 or as a sanction under A.R.S. § 12-349 in the event further briefing results in a dismissal of Plaintiff's claims or in the event Plaintiff fails to file an amended complaint. The parties should carefully consider whether further filings are appropriate.

She appears to contend that the last quoted sentence violates the Arizona Constitution but does not develop the argument further.

**¶16**        Gray also contends the superior court's "competency was an error because it was based on the wrong standard of the law and numerous errors of the law and contrary to the evidence and to Arizona Rule of Civil Procedure 15." As this is the entirety of her argument, we deem it waived. *See MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011) ("Merely mentioning an argument in an appellate opening brief is insufficient.").

¶17 Gray also challenges the court's denial of her request for additional time to file an amended complaint, contending the court applied "the wrong standard of law." As noted above, the court determined her reasons for requesting additional time, which included her desire to "speak with an attorney" and the "Federal Reserve [Board]" and "to check [Capstone's] license number," were "issues that should have been addressed before [she] filed her claim." Gray does not show this determination was incorrect or improper.

¶18 Finally, Gray contends in her reply brief that "Capstone . . . and its corporate name or incorporate 'CTP Funding' is being suspended." We typically do not consider arguments raised for the first time in the reply brief. *Tripati v. Forwith*, 223 Ariz. 81, 86, ¶ 26 (App. 2009). Moreover, Gray cites no record evidence to support this contention, and the only authority she cites—28 U.S.C. § 2514, which provides for the forfeiture of fraudulent claims asserted against the United States—does not apply. *See MacMillan*, 226 Ariz. at 591, ¶ 33 (finding argument waived because appellant "cite[d] no law or facts to support her position."). For these reasons, we affirm.

V. Attorneys' Fees and Costs on Appeal

¶19 Capstone requests its attorneys' fees incurred in this appeal under the promissory note, the mortgage, and Gray's guaranty. Generally, we enforce a contractual attorneys' fees provision according to its terms but retain discretion to limit the fee award to a reasonable amount. *Geller v. Lesk*, 230 Ariz. 624, 627, ¶ 10 (App. 2012).

¶20 The promissory note and mortgage obligate Cheetah, not Gray, to pay certain fees. Cheetah is not a party to this appeal. As for Gray's guaranty, it obligates her to pay "[a]ll costs and expenses, including reasonable fees and out of pocket expenses of attorneys . . . incurred by Lender in enforcing its rights under this Guaranty." Capstone does not seek to enforce the guaranty in this litigation. We therefore decline to award fees under the loan documents.

¶21 Capstone also requests attorneys' fees under A.R.S. § 12-341.01(A), which permits a discretionary award to the successful party in an action arising out of a contract. Gray's claims arise out of the loan transaction between Capstone and Cheetah. Capstone therefore may recover reasonable attorneys' fees and taxable costs upon compliance with Arizona Rule of Civil Appellate Procedure 21. We do not reach Capstone's request for § 12-349 sanctions.

## CONCLUSION

¶22        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    AA