NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of the Guardianship of:

NIJMEH GHANAYEM, an Adult.

NIJMEH GHANAYEM, *Petitioner/Appellee*,

*v.*

ANGIE GHANAYEM, *Respondent/Appellant*.

No. 1 CA-CV 25-0048 PB

FILED 05-26-2026

Appeal from the Superior Court in Maricopa County
No. PB2022-091383
The Honorable Lisa Ann VandenBerg, Judge (*Retired*)

**AFFIRMED**

COUNSEL

Baumann Doyle Paytas & Bernstein PLLC, Phoenix, AZ
By Michael J. Doyle
*Counsel for Petitioner/Appellee*

Angie Ghanayem, Chicago, IL
*Respondent/Appellant*

_____

## MEMORANDUM DECISION

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Chief Judge Randall M. Howe joined.

_____

**F A B I A N**, Judge:

¶1            Dr. Angie Ghanayem ("Angie") appeals from the superior court's orders appointing Mervat Hani ("Mervat") as a permanent guardian for the parties' mother Nijmeh Ghanayem ("Nijmeh")[1], and from the court's order awarding Nijmeh's court-appointed counsel attorney fees under A.R.S. §§ 12-349 and 14-1105. For the following reasons, this Court affirms.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2            In 2022, Mervat petitioned the superior court to be appointed as permanent guardian for Nijmeh. Angie objected, arguing that Mervat was fraudulently attempting to gain guardianship of Nijmeh and that the court lacked jurisdiction over the petition because Nijmeh's home state was Illinois.

¶3            The court found that Arizona was the more appropriate forum for the petition, retained temporary jurisdiction, and stayed the proceedings to allow the Illinois court to determine whether it would decline jurisdiction. The Illinois court then dismissed its case.

¶4            Following an August 2024 hearing, the court appointed Mervat as Nijmeh's permanent guardian, but did not certify the order as appealable under Arizona Rule of Civil Procedure 54(b).

¶5            On November 18, 2024, the court issued two judgments for attorney fees and costs. The first judgment found Angie to be a vexatious litigant and awarded attorney fees and costs to both Mervat and Nijmeh's Illinois guardian ad litem. The second awarded Nijmeh's court-appointed counsel $30,812.90 in attorney fees and costs.

_____

[1] This Court respectfully refers to the relevant parties by their first names to avoid confusion.

2

¶6            On December 19, 2024, Angie filed a notice of appeal seeking to appeal the superior court's order appointing Mervat as Nijmeh's guardian and the two judgments for attorney fees. This Court dismissed the appeal as to the first attorney fees judgment as the notice of appeal was filed more than 30 days after the judgment. *See* Ariz. R. Civ. App. P. 9(a). Because the second attorney fees judgment did not comply with Arizona Rule of Civil Procedure 54(b), this Court stayed the appeal until the superior court entered a proper Rule 54(b) judgment, which the superior court subsequently did. Therefore, Angie's premature notice of appeal is deemed effective as to the order appointing Mervat as Nijmeh's guardian and the second judgment awarding attorney fees and costs to Nijmeh's Arizona court-appointed counsel. *See Eaton Fruit Co. v. Cal. Spray-Chem. Corp.*, 102 Ariz. 129, 130 (1967); *Tripati v. Forwith*, 223 Ariz. 81, 84-85 ¶¶ 14-17 (App. 2009).

**DISCUSSION**

¶7            On appeal, Angie asks this Court to "review and reverse all rulings in the case based on legal, judicial, clerical and procedural law errors." Angie makes no specific argument why the second judgment is erroneous and cites no legal authority to support her claims. Instead, she generally argues that "[j]udicial misconduct occurred with rulings, denials without reasons, court proceedings, not ruling or allowing motions objections."

¶8            An appellant's brief must contain, along with their contentions, "supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies." Ariz. R. Civ. App. P. 13(a)(7)(A). Here, Angie has not done that, and this Court cannot discern any error in the court's decision to appoint Mervat as guardian or in awarding a judgment of attorney fees against Angie under A.R.S. § 14-1105 or A.R.S. § 12-549. *See In re Guardianship of Kelly*, 184 Ariz. 514, 518 (App. 1996) ("To obtain reversal of a guardianship order, the appellant must show that the trial court abused its discretion in ruling as it did."); *Phx. Newspapers, Inc. v. Dep't of Corr.*, 188 Ariz. 237, 243 (App. 1997) ("When reviewing a discretionary award of attorneys' fees, this Court will reverse only for an abuse of discretion."); *Takieh v. O'Meara*, 252 Ariz. 51, 61-62 ¶ 39 (App. 2021) ("We review a superior court's application of A.R.S. § 12-349 de novo, but we view 'the evidence in a manner most favorable to sustaining the award' and will affirm unless the superior court's findings are 'clearly erroneous.'" (quoting *Phx. Newspapers, Inc.*, 188 Ariz. at 243)).

3

**CONCLUSION**

¶9        This Court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:       JR