NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA ex rel. MARK BRNOVICH, *Plaintiff/Appellee*,

*v.*

FRANK LEE CULVER, *Defendant/Appellant*.

No. 1 CA-CV 15-0150
FILED 4-5-2016

Appeal from the Superior Court in Maricopa County
No. CV2013-014946
The Honorable James R. Morrow, Judge *Pro Tempore*

**APPEAL DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eric S. Rothblum, Kenneth R. Hughes
*Counsel for Plaintiff/Appellee*

Frank Lee Culver, Douglas
*Defendant/Appellant*

---

**MEMORANDUM DECISION**

Judge Donn Kessler delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Lawrence F. Winthrop joined.

---

**K E S S L E R**, Judge:

¶1 Frank Lee Culver appeals from the trial court's order denying his motion to set aside the judgment pursuant to Arizona Rule of Civil Procedure ("Rule") 60(c). Because Culver was not a party, and thus lacked standing to file for such relief, we dismiss this appeal for lack of appellate jurisdiction.

**FACTUAL AND PROCEDURAL HISTORY**

¶2 On November 5, 2013, the State filed a joint Notice of Pending Forfeiture ("NOPF") and Notice of Seizure for Forfeiture ("NOSF") for currency in the amount of $40,333.[1] The State sent a copy of the notice to Culver at his California address via certified mail on November 13, 2013. When it was discovered that Culver was in Apache County Jail, the State personally served him on December 23, 2013. The State filed its Application for Order of Forfeiture and mailed a copy to Culver on February 3, 2014. On February 5, 2014, the trial court entered an order of forfeiture against the property and awarded it to the State.

¶3 Culver filed several documents with the trial court[2] before filing an untimely Notice of Appeal with this Court on March 18, 2014. This Court dismissed the appeal for lack of jurisdiction. Culver then filed a Motion to Set Aside the Judgment pursuant to Rule 60(c). The trial court

---

[1] The currency was seized during a traffic stop on September 27, 2013.

[2] Culver filed the following documents with the trial court: (1) a Motion to Return Property, filed February 11, 2014; (2) a letter dated January 7, 2014, filed February 13, 2014; (3) a Motion for an Order to Renew Motion to Release Illegally Seized Property, filed March 10, 2014; (4) a Motion to Set Aside Illegal De Facto Forfeiture Proceedings Initiated Without Probable Cause with Fabricated Information and False Charges, filed March 11, 2014; and (5) a Motion to Set Aside Order of Judgment of an Illegal De Facto Forfeiture, filed March 11, 2014.

denied the motion, finding no basis to set aside the judgment because Culver did not file a claim meeting the substantive requirements of Arizona Revised Statutes ("A.R.S.") section 13-4311(E) (2010) within the timeframe required in A.R.S. § 13-4311(D).

**¶4**        Culver timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2003) and -2101(A)(1) (Supp. 2015).

## DISCUSSION

**¶5**        Culver appeals from the trial court's denial of his Rule 60(c) motion, which we will analyze under Rule 60(c)(6).[3] We review a trial

---

[3] Culver's original Motion to Set Aside the Judgement cites generally to Rule 60(c) and argues that (1) the State's NOSF was invalid, and (2) Apache County Jail personnel obstructed Culver's access to the mail system resulting in a judgment by default. If Culver's motion was predicated on Rule 60(c)(1)-(3), it would be untimely because a motion for relief from judgment pursuant to those subsections must be filed within six months of the entry of judgment. *See* Ariz. R. Civ. P. 60(c) ("The motion shall be filed within a reasonable time, and for reasons (1), (2) and (3) not more than six months after the judgment or order was entered or proceeding was taken."). We also find the motion would fail if made pursuant to Rule 60(c) subsection 4, as the judgment was not void. "Compliance with the notice requirements of the statutes is necessary to both give the court jurisdiction over a property and to give an owner of record an opportunity to protect his interests." *State ex rel. Horne v. Rivas*, 226 Ariz. 567, 571, ¶ 16 (App. 2011). Here, the State complied with the requirements of A.R.S. §§ 13-4311, -4308 (2010), -4307 (2010), and -4306 (2010). The property was not "seiz[ed] for forfeiture" until the State filed the NOSF. *See* A.R.S. § 13-4301(9) (2010) ("'Seizure for forfeiture' means seizure of property by a peace officer with an assertion by the seizing agency or by an attorney for the state that the property is subject to forfeiture."). Thus the State had sixty days from the date it filed its NOSF to file the NOPF. Because the State filed the NOSF and NOPF on the same day, it complied with the statutory requirements of A.R.S. § 13-4308(B), thus giving the court jurisdiction over the property seized. Culver was also provided notice of the NOSF and NOPF within twenty days of the filing, further complying with the notice requirements of A.R.S. §§ 13-4311, -4307, and -4306(C). Giving Culver the benefit of the doubt, we analyze the trial court's denial of his Rule 60(c) motion under Rule 60(c)(6).

court's ruling on a motion for relief from judgment under Rule 60(c) for an abuse of discretion. *City of Phoenix v. Geyler*, 144 Ariz. 323, 329 (1985). We find no error because Culver either did not timely file a claim or the claim was substantively insufficient.[4]

**¶6**     One must be a party to an action and have standing to contest a forfeiture action. *In re $70,269.91 in U.S. Currency*, 172 Ariz. 15, 19 (App. 1991). Standing is acquired in a civil forfeiture action by alleging an interest in the property. *Id.* An owner or interest holder in property subject to forfeiture asserts their interest by timely filing a claim against the property. A.R.S. § 13-4311(D) (2010) (providing that a claim must be filed within thirty days after receiving notice of the NOPF); *see also In re $70,269.91 in U.S. Currency*, 172 Ariz. at 19. The claim must also include the substantive elements listed in A.R.S. § 13-4311(E). *See In re $70,269.91 in U.S. Currency*, 172 Ariz. at 19-20. Once the owner timely "files a proper claim, he becomes a 'claimant' and is entitled to a hearing to adjudicate the validity of his interest" in the property. *Id.*; *see also* A.R.S. § 13-4311(D). "No extension of time for the filing of a claim may be granted." A.R.S. § 13-4311(F).

**¶7**     The State personally served Culver with the NOSF and NOPF on December 23, 2013. Thus to be timely, Culver needed to file his notice of claim by January 22, 2014. *See* A.R.S. § 13-4311(D) ("An owner of or interest holder in the property may file a claim against the property, *within thirty days after the notice*, for a hearing to adjudicate the validity of his claimed interest in the property." (emphasis added)). Culver, however, did not file anything with the superior court until February 11, 2014. *See supra* n.2, ¶ 3. "If the claim is not timely filed, the person does not become a claimant and lacks standing to contest the forfeiture." *In re Forty-Seven Thousand Six Hundred Eleven Dollars & Thirty-One Cents (47,611.31) U.S. Currency*, 196 Ariz. 1, 2, ¶ 4 (App. 1999). Because Culver did not file a timely claim in compliance with the statute, he was not a party to the forfeiture action. Because he was not a party, Culver could not make a claim for relief from judgment pursuant to Rule 60(c). *See United States v. 8136 S. Dobson*

---

[4] Our colleagues on the motions panel summarily denied the State's motion to dismiss the appeal, which argued that Culver was not a party to the judgment and lacked standing to pursue the appeal. We are not bound by the decisions of the motions panel. *See Tripati v. Forwith*, 223 Ariz. 81, 84 (App. 2009) (disagreeing with motions panel); *In re Stagecoach Utils., Inc.*, 86 B.R. 229, 230 (B.A.P. 9th Cir. 1988) ("Motion Panel decisions are not binding on the Panel assigned the case.").

*Street, Chicago, Ill.*, 125 F.3d 1076, 1082 (7th Cir. 1997) (stating that non-party in a forfeiture action cannot make a Rule 60 claim for relief from judgment).

**¶8** Furthermore, even if we give Culver the benefit of the doubt and assume that his claim was timely filed,[5] he failed to comply with the substantive statutory requirements of A.R.S. § 13-4311(E). Again, because Culver did not file a claim in compliance with statutory requirements, he was not a party to the forfeiture action, and cannot make a claim for relief from judgment pursuant to Rule 60(c). *See 8136 S. Dobson Street, Chicago, Ill.*, 125 F.3d at 1082.

## CONCLUSION

**¶9** For the foregoing reasons, we conclude that Culver lacked standing in the forfeiture proceedings and continued to lack standing in his Rule 60(c) motion for relief from judgment. We therefore dismiss this appeal challenging the forfeiture judgment for lack of appellate jurisdiction.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

[5] Culver's Motion to Return Property, although filed February 11, 2014, is dated January 14, 2014, and letters from the Office of the Sheriff note that in January and February 2014 there might have been a delay in sending mail out. According to the inmate mail log report, Culver's first piece of mail addressed to the Clerk of the Superior Court in the relevant time frame was sent on February 8, 2014. Applying the mailbox rule, that Motion to Return Property would be deemed mailed on February 8. *See State v. Goracke*, 210 Ariz. 20, 22, ¶ 5 (App. 2005) (stating that pursuant to the prisoner mailbox rule, a pro se prisoner is deemed to have filed a properly addressed pleading at the time it is delivered to the proper prison authorities for filing). But because he allegedly gave it to jail personnel who might have delayed mailing it, we will assume it was deemed mailed January 14.