NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JACKSON WHITE PC, *Plaintiff/Appellee,*

*v.*

TEOFILO B. DEQUINA, JR., et al., *Defendants/Appellants.*

No. 1 CA-CV 17-0253
FILED 5-17-2018

Appeal from the Superior Court in Maricopa County
No. CV2016-005821
The Honorable James T. Blomo, Retired

**AFFIRMED**

COUNSEL

Germaine Law Office, PLC, Phoenix
By Sanford J. Germaine
*Counsel for Plaintiff/Appellee*

Teofilo B. DeQuina, Jr., Scottsdale
*Defendant/Appellant*

Mark K. Jones, Julia K. Jones, Phoenix
*Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Jennifer M. Perkins delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Kent E. Cattani joined.

---

**P E R K I N S**, Judge:

¶1        Teofilo DeQuina, Mark Jones, and Julia Jones appeal the trial court's grant of summary judgment in favor of Appellee Jackson White P.C. ("Jackson") and denial of their motion for new trial and request for relief from judgment. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        In May 2015, Appellants DeQuina and the Joneses, among others, retained Jackson to represent Reclamation Sciences, LLC. Appellants agreed to be personally liable for payment under the contract ("Retainer Agreement"). Jackson notified Appellants in January 2016 that the partner handling their matters would be changing firms in February. In response, Appellants elected to follow the partner to his new firm and discontinue their relationship with Jackson.

¶3        Thereafter, Jackson filed suit against Appellants, Reclamation Sciences, and several others involved with Reclamation Sciences for breach of contract to collect unpaid legal fees. DeQuina and the Joneses, appearing *pro se*, filed nearly identical answers alleging they did not owe Jackson any money. Jackson filed a motion for summary judgment in December 2016, accompanied by an affidavit, a copy of its disclosure statement, and copies of invoices. DeQuina filed a response, "opposition," and disclosure statement, to which Jackson replied. The Joneses did not file a formal response to Jackson's motion, but, after the time had run to respond, filed a disclosure statement substantially similar to DeQuina's disclosure statement.

¶4        The trial court granted Jackson's motion for summary judgment, as there remained no genuine dispute of material fact precluding summary judgment. In so ruling, the court noted it had considered each of DeQuina's filings. The court also noted the Joneses had failed to file a response and that no party had requested oral argument.

¶5　　　Appellants then filed two virtually identical sets of documents framed as responses to Jackson's reply. The trial court deemed these filings to be motions for reconsideration, considered the filings in their entirety, and denied the motions. In March, the trial court entered judgment in favor of Jackson, amended the judgment to reflect the proper plaintiff, and denied Appellants' requests for relief from judgment and motions for new trial. Appellants now appeal.

## DISCUSSION

¶6　　　We review denial of a request for relief from judgment for abuse of discretion. *State ex rel. Brnovich v. Culver*, 240 Ariz. 18, 19–20, ¶ 4 (App. 2016). Similarly, we review the trial court's decision on a motion for new trial for abuse of discretion. *American Power Prods., Inc. v. CSK Auto, Inc.*, 239 Ariz. 151, 154, ¶ 10 (2016). However, we review a grant of summary judgment *de novo* and will affirm if the judgment is correct for any reason. *S & S Paving & Const., Inc. v. Berkley Reg'l Ins. Co.*, 239 Ariz. 512, 514, ¶ 7 (App. 2016). Summary judgment is appropriate if the moving party is entitled to judgment as a matter of law and there is no genuine dispute as to any material fact. *Id.*

## I.　　　Grant of Summary Judgment

¶7　　　On appeal, Appellants argue the Retainer Agreement was subject to an oral modification and did not accurately reflect the personal obligations of each Appellant. In opposing summary judgment, Appellants argued that Jackson was not entitled to any payment because of the alleged changes to the Retainer Agreement. However, it is not clear whether the purported oral modification took place before or after the signing of the Retainer Agreement. Appellants argue the Retainer Agreement did not reflect the terms of the agreement the parties had reached before Jackson commenced the representation. Essentially, Appellants contend they entered into an oral agreement inconsistent with the written terms of the Retainer Agreement prior to signing. This argument is barred by the terms of the Retainer Agreement, which provides that it "supersedes all prior or contrary agreements . . . with respect to any matter which is the subject of this agreement." Moreover, the Retainer Agreement invites the parties to list, in a provided blank space, any promise or representation that should become part of the Retainer Agreement before proceeding, and no such promises or representations were listed.

¶8　　　Even assuming the alleged modification took place after the Retainer Agreement was signed, Appellants offer no evidence or argument

of subsequent consideration to support the alleged material change in payment terms. Generally, a written contract may be modified by subsequent oral agreement supported by consideration. *Coronado Co., Inc. v. Jacome's Dept. Store, Inc.*, 129 Ariz. 137, 139 (App. 1981). Absent consideration, a contract cannot be modified. *See Demasse v. ITT Corp.*, 194 Ariz. 500, 506, ¶ 18 (1999) (modification of a contract requires offer, acceptance, and consideration). Appellants failed to present facts sufficient to support modification of the contract, whether before or after signing the Retainer Agreement, and thus, failed to raise an issue of material fact barring summary judgment.

¶9 Moreover, Appellants failed to satisfy their burden under Rule 56 by failing to offer admissible evidence sufficient to create a genuine issue of fact concerning Jackson's claim for breach. Rule 56 requires a party opposing summary judgment to file a response accompanied by a statement of facts specifying "the numbered paragraphs in the moving party's statement that are disputed" and the facts that preclude summary judgment in favor of the movant. Ariz. R. Civ. P. 56(c)(3)(B). Moreover, these facts must be supported by admissible evidence, such as affidavits based on the personal knowledge of an affiant competent to testify to the matters stated. Ariz. R. Civ. P. 56(c)(4), (5).

¶10 Here, Appellants failed to offer admissible evidence sufficient to create a dispute of material fact in response to Jackson's motion for summary judgment. Neither DeQuina nor the Joneses submitted affidavits or other evidence controverting the facts contained in Jackson's affidavit. As a result, the facts submitted by Jackson are presumed to be true. *Tilley v. Delci*, 220 Ariz. 233, 237, ¶ 11 (App. 2009). Under these circumstances, summary judgment in Jackson's favor was mandatory. *See* Ariz. R. Civ. P. 56(e) (when opposing party fails to set forth genuine issue for trial, "summary judgment, if appropriate, shall be entered against that party").

¶11 Appellants argue their failure to file affidavits or submit other admissible evidence is excusable, in part because of their decision to proceed *in propria persona*. Specifically, Appellants argue their failure to respond or submit evidence is excusable because: (1) they believed their answers were equivalent to sworn testimony and obviated the need for affidavits; (2) the appointment of an arbitrator gave Appellants the impression no response to Jackson's motion for summary judgment was necessary; and (3) the trial court erred in assuming they did not expect oral argument. However, litigants proceeding *in propria persona* are presumed to be familiar with the relevant statutes and rules of procedure and are held

to the same standard as if they were represented by counsel. *Smith v. Rabb*, 95 Ariz. 49, 53 (1963).

**¶12** Notwithstanding Appellants' failure to abide by the rules of procedure, their argument that the appointment of an arbitrator created confusion about the necessity of a response fails. The initial notice appointing an arbitrator was filed December 30, 2016, approximately one week before DeQuina filed his response. The notice to the parties specifically states that motions for summary judgment that would dispose of the case are still within the trial court's jurisdiction regardless of pending arbitration. To the extent Appellants argue their confusion arose from the subsequent notice of arbitration hearing, that notice was filed on February 3, 2017, after Jackson's reply and after the time for filing a response had lapsed.

**¶13** Furthermore, the trial court did not err in ruling without oral argument, as Rule 56 requires the trial court to set a hearing only on the request of any party. Ariz. R. Civ. P. 56(c)(1). Nothing in Rule 56 requires the trial court to assume, absent a request, that a party is seeking oral argument. As we generally do not consider arguments raised for the first time in a reply brief, we do not further consider Appellants' arguments regarding the appointment of the arbitrator or their mistaken belief about the rules of procedure. *Coombs v. Maricopa Cty. Special Health Care Dist.*, 241 Ariz. 320, 322 (App. 2016).

**¶14** Finally, even if Appellants had timely submitted their affidavits, which were submitted after the trial court's grant of summary judgment, these affidavits do not create a genuine issue of material fact. In their affidavits, Appellants allege that an in-person discussion took place prior to signing the Retainer Agreement and that discussion concluded in an oral arrangement regarding payment contrary to the terms of the Retainer Agreement. As discussed above, the Retainer Agreement specifically precludes and supersedes prior contrary agreements. Appellants further allege that any balances should have been transferred to their prior attorney's new firm and that there are problems with Jackson's accounting. Because the written Retainer Agreement contains no support for Appellants' contentions, the affidavits do not establish a genuine dispute of material fact as to these allegations. Accordingly, the trial court properly granted summary judgment in favor of Jackson.

## II.     Denial of New Trial and Relief from Judgment

¶15        Appellants argue the trial court abused its discretion in failing to vacate the judgment or grant a new trial based on newly discovered evidence. Though the Appellants filed separate motions to vacate, their motions were almost identical and presented the same argument: that Jackson and its former partner's new firm were the same law firm "for the purposes of this case." They thus claimed that thier ability to "produce facts relevant to this matter" was "impeded" by the alleged commonality between Jackson and Jackson's former partner. Moreover, Appellants alleged this continued relationship meant that the attorney-client relationship between Jackson and Appellants never ended. Thus, according to Appellants, Jackson was ethically prohibited from filing suit against Appellants, as existing clients.

¶16        Appellants moved for a new trial pursuant to Arizona Rule of Civil Procedure 59. Rule 59(a)(1) permits a court to grant a new trial on several grounds if the moving party's rights were materially affected. Ariz. R. Civ. P. 59(a)(1). Appellants offered no explanation for why a new trial was warranted, except to the extent their motion was predicated on their arguments in support of their request for relief from judgment. At best, Appellants' motions were based on Rule 59(a)(1)(D)—that they had discovered new material evidence that could not have been located and produced earlier. Ariz. R. Civ. P. 59(a)(1)(D). Appellants' argument fails.

¶17        Appellants provided no explanation of how the allegedly new evidence could not have been located and produced in opposition to Jackson's motion for summary judgment. Moreover, Appellants could not explain how Jackson's former partner was still a member of the firm. Importantly, nothing alleged in Appellants' motions is material to Jackson's underlying breach of contract claim. Accordingly, the trial court did not abuse its discretion in denying Appellants' motions for new trial.

¶18        Appellants additionally requested relief from judgment pursuant to Rule 60(b), citing purported newly discovered evidence. However, Rule 60(b)(2) permits relief from judgment only on discovery of evidence that could not have been discovered in time to move for a new trial pursuant to Rule 59(b)(1). Ariz. R. Civ. P. 60(b)(2). Here, Appellants simultaneously sought relief under both rules on the same grounds. Thus, the trial court did not abuse its discretion in denying Appellants' requests for relief from judgment pursuant to Rule 60(b)(2).

## CONCLUSION

**¶19** For the foregoing reasons, we affirm the trial court's grant of summary judgment in favor of Jackson and the court's denial of Appellants' motions for new trial and relief from judgment. Jackson requests its attorneys' fees in defending this appeal pursuant to A.R.S. § 12-341.01, as this is a matter arising out of contract. In our discretion, we decline to award attorneys' fees.



AMY M. WOOD • Clerk of the Court
FILED: AA