NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

GREGORIO R. MURTAGIAN, et al., *Plaintiffs/Appellants*,

*v.*

ENTITY CANYON, LLC, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0492

FILED 08-20-2024

Appeal from the Superior Court in Maricopa County
No. CV2020-090319
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Gregorio R. Murtagian, Veronica L. Ponce, Phoenix
*Plaintiffs/Appellants*

Law Counsel LLC, Mesa
By Charles M. Leftwich Jr.
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which
Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

**M O R S E**, Judge:

¶1             Gregorio R. Murtagian and Veronica L. Ponce (collectively, "Appellants") appeal the superior court's order denying Appellants' Arizona Rules of Civil Procedure ("Rule") 60 motion.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2             Appellants became trustees of the Gregorio R. Murtagian and Veronica L. Ponce Revocable Trust in 2016 ("Trust").  In 2017, Murtagian acquired a piece of real property in Phoenix, Arizona ("Murtagian Parcel"). In 2019, Murtagian transferred ownership of the parcel to himself and his wife, Ponce, as trustees of the Trust.

¶3             In 2020, Appellants, as trustees and on behalf of the Trust, initiated a quiet title action against Entity Canyon, LLC and Secluded Canyon, LLC, (collectively, "Appellees") seeking an easement and to gain ingress/egress access to the Murtagian Parcel.  After a bench trial, the court entered final judgment on October 10, 2022, and established a ten-foot prescriptive easement and granted the Trust's private condemnation claim for an additional ten feet.  The judgment also ordered the Trust to compensate Appellees $94,744.03 for the condemned parcel.

¶4             On October 19, 2022, Appellants' attorney submitted a motion to withdraw, which the court granted on October 27.  Appellants then filed several motions on behalf of the Trust, including a motion for a New Trial pursuant to Rule 59 ("Motion 1") or in the alternative, a motion to alter or amend a judgment; a motion for reconsideration; a motion to compel; and a motion for change of judge.  Motion 1 contended that the court erred in the type of easement it granted and that it should have granted Appellants an implied way of necessity; the court erred in finding Appellants "desired" to improve the easement and ordering Appellants to bear the cost of improving and continuing maintenance of the easement; and the judgment granted excessive and unfair compensation to Appellees.  On December 20, 2022, the court denied Appellants' motion for change of judge, reasoning that a disagreement with a judge's decision "is an impermissible basis to file a motion for change of judge for cause," and Appellants failed to satisfy their burden that the judge was biased against them.  Appellants moved for reconsideration of their motion for a change of judge, which the court denied.

¶5  Appellees then moved to strike Appellants' other motions contending that Appellants may not represent the Trust in court without a license to practice law. In a signed minute entry filed on January 27, 2023, the court struck the motions and reasoned that the Trust brought the original action and, pursuant to Arizona Supreme Court Rule 31.2, "Murtagian cannot represent the Trust in this litigation." The court also noted that the merits of the motions for reconsideration and for a new trial were not well taken. On February 9, 2023, an attorney signed and filed a second Rule 59 motion ("Motion 2") for a new trial and a motion to reconsider the court's findings of fact and conclusions of law. In Motion 2, Appellants asserted the same arguments they had made in Motion 1. Appellees moved to strike those motions, contending the same motions had already been adjudicated on their merits. The court denied Appellees' motion to strike on March 10, 2023, because Appellants had counsel file the motions, and the refiling of the motions "does not reinstate the prior motion."

¶6  On May 1, 2023, the court denied Appellants' motions because they failed to establish any basis for granting relief under Rule 59, were untimely, and the "Court's previous findings, verdict, and judgment [were] fully supported by the evidence." Appellants filed notices of appeal to this Court on May 27, 2023. We dismissed the appeal because the untimely Motion 2 did not extend the time to file a notice of appeal. *See Murtagian v. Entity Canyon*, 1 CA-CV 23-0374 (decision order). Appellants filed a motion for reconsideration, which we also denied. *See id.*

¶7  Appellants then dissolved the Trust and filed a motion to substitute themselves as plaintiffs in place of the Trust. Appellants, in their individual capacity but on behalf of the Trust, filed a Rule 60(b) motion for Relief from Judgment and to Vacate Judgment, asking the court to vacate the January 27, 2023 judgment, to "[r]econsider, alter or amend" the ruling of the May 2023 judgment, and to grant "other and further relief as the Court deems just and proper." Specifically, Appellants contended Appellees "incorrectly served three Motions to strike"; excusable neglect justifies relief because the court has yet to rule on their motion to alter or amend a judgment; their previous counsel erred in "setting and allowing" Appellants as trustees, which constitutes excusable neglect; and granting the motion will not prejudice Appellees. Appellants also filed a motion to stay the proceedings in the superior court while their May 27 appeal was pending. On July 6, 2023, in separate orders, the court granted the motion to substitute parties and denied the Rule 60(b) motion and Appellants' motion to stay proceedings. The court reasoned that the Rule 60 motion was filed "well beyond the 15-day limit for filing to request relief under

Rule 60(b)," and the six-month time limit for alleging fraud upon the court "had long passed." The court also noted that "even if the motion had been timely filed, [it] presents no new basis to grant relief under any one of the grounds set forth in Rule 60(b)," and the motion "lacks merit." Appellants timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶8**     We review the denial of a Rule 60 motion for an abuse of discretion. *State ex rel. Brnovich v. Culver*, 240 Ariz. 18, 19–20, ¶ 4 (App. 2016). A court abuses its discretion when it "commits a legal error by misinterpreting or misapplying the law." *Voice of Surprise v. Hall*, 255 Ariz. 510, 513, ¶ 11 (2023). "The scope of an appeal from a denial of a Rule 60 motion is restricted to the questions raised by the motion to set aside." *Hirsch v. Nat'l Van Lines, Inc.*, 136 Ariz. 304, 311 (1983).

## I.     Arguments Raised on Appeal.

**¶9**     On appeal, Appellants never specify the subsection of Rule 60(b) on which they rely. Instead, they generically argue that: (1) the court erred by ruling their Rule 60(b) motion was untimely; (2) this error led to "an incorrect grouping of their post-judgment motions" which led the court to misconstrue the Rule 60(b) motion and conflate it with prior motions; (3) the court erred in denying their Rule 60(b) motion because Appellants' "initial procedural mistake" of representing the Trust in their individual capacity constituted excusable neglect; (4) the court should have addressed Appellants' allegation of fraud by "Appellees and/or their Counsel"; and (5) the court should have assessed the issues left "unaddressed or incorrectly resolved" in prior motions. The court did not specify which clause of Rule 60(b) it relied upon when denying Appellants' motion. In such situations, we "may inquire into the applicability of any clause." *Webb v. Erickson*, 134 Ariz. 182, 186 (1982).

### A.     Timeliness.

**¶10**     In its order denying Appellants' Rule 60(b) motion, the court noted that the motion presented "no new basis to grant relief under any one of the grounds set forth in Rule 60(b)." While the court incorrectly noted a "15-day limit" for requesting relief under Rule 60(b), it also correctly noted that each of the issues presented before it had "been fully examined . . . on the merits" and that the Rule 60(b) motion "lacks merit." "This court will affirm the judgment 'even if the trial court has reached the right result for the wrong reason.'" *Mining Inv. Grp., LLC v. Roberts*, 217 Ariz. 635, 640, ¶ 22 (App. 2008) (quoting *City of Phoenix v. Geyler*, 144 Ariz. 323, 330 (1985)).

Because the court correctly ruled on the merits of the Rule 60(b) motion, it did not abuse its discretion by denying the motion.

### B.      Incorrect Grouping.

**¶11**          Appellants also contend that the court "incorrectly grouped" and conflated their Rule 60(b) motion with prior motions when it denied their Rule 60(b) motion.   Specifically, Appellants contend that because the court did not consider the Rule 60(b) motion "on its merits, the Court effectively foreclosed the Appellant's [sic] opportunity to address and rectify perceived errors in the judgment."  However, the court did rule on the merits of the Rule 60(b) motion and noted that the Rule 60(b) motion "lacks merit" and "present[ed] no new basis to grant relief."   Further, as discussed *infra* ¶ 15, Appellants' Rule 60(b) motion lacked merit.  *See Geyler*, 144 Ariz. at 330 (noting that we may "examine the facts of the case to determine whether tenable grounds might exist for denial of relief").

### C.      Excusable Neglect.

**¶12**          Appellants' sole surviving argument is that their "initial procedural mistake" of representing the Trust in their individual capacity in Motion 1 "should not be a decisive factor in the case's outcome." Specifically, Appellants contend that they took "substantive efforts" to "comply with legal procedures," and should have a "decision that considers the merits of [their] arguments."   This argument lacks merit.  "It is well established that where a party conducts his case in propria persona he is entitled to no more consideration than if he had been represented by counsel, and he is held to the same familiarity with required procedures . . . as would be attributed to a qualified member of the bar." *Copper State Bank v. Saggio*, 139 Ariz. 438, 441 (App. 1983).   "A party's mere neglect, inadvertence, or forgetfulness without a reasonable excuse, however, does not warrant relief, meaning the party must suffer the consequences of the judgment." *Aloia v. Gore*, 252 Ariz. 548, 552, ¶ 15 (App. 2022). "[T]he test of what is excusable is whether the neglect or inadvertence is such as might be the act of a reasonably prudent person under similar circumstances." *Daou v. Harris*, 139 Ariz. 353, 359 (1984).   Here, Appellants willingly dismissed their legal counsel in favor of representing themselves and then proceeded to file multiple motions on behalf of the Trust when they were not authorized to do so.   Appellants' actions and subsequent mistakes cannot be considered "reasonably prudent," nor do they meet the high bar for relief under Rule 60(b). *See Hyman v. Arden–Mayfair, Inc.*, 150 Ariz. 444, 447 (App. 1986) (holding that there was no reason "why a Rule 60(c) motion should have been attempted by counsel or considered by the trial court" in

a situation where "the remedies of a Rule 59 motion for reconsideration or an appeal from . . . a denial of the motion for reconsideration [were] available").

### D. Waived Arguments.

**¶13** Appellants also argue that the court erred by "dismissing allegations of apparent fraud" and ruling that "all arguments had been thoroughly and justly resolved on the merits." Specifically, Appellants contend the court failed to address "issues in the underlying judgment" including the court's expertise in property law, the judge's bias, legal errors regarding the granted easement, their attorney fees, the correct valuation of the easement, and "the scope of their legal action." None of these arguments were raised in Appellants' Rule 60(b) motion and are waived on appeal. *See Hirsch*, 136 Ariz. at 311 (noting that the "scope of an appeal from a denial of a Rule 60 motion is restricted to the questions raised by the motion to set aside").

## II. Other Arguments Raised in Rule 60(b) motion.

**¶14** Appellants raised a variety of arguments in their Rule 60(b)motion but only pursue one of those arguments on appeal — that their representation of the Trust in their individual capacity constituted excusable neglect. Appellants have waived all but their self-representation constituting excusable neglect arguments on appeal by not raising them in their opening brief. *See Robert Schalkenbach Found. v. Lincoln Found., Inc.*, 208 Ariz. 176, 180, ¶ 17 (App. 2004) ("Generally, we will consider an issue not raised in an appellant's opening brief as abandoned or conceded."); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186 Ariz. 161, 167 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived.").

**¶15** Even if we excuse waiver on appeal, Appellants' Rule 60(b) arguments lack merit. Appellants have waived any claim that Appellees "improperly" served the motions to strike because they failed to raise this argument in their responses to those motions. *See* Ariz. R. Civ. P. 12(b)(5) (stating that defense of insufficient service of process must be made in the responsive pleading or by motion before a responsive pleading). Further, in their response to the motions to strike, Appellants conceded that they were served "on 01/03/2023." Appellants' argument that the court "has yet to rule on their Motion to Alter or Amend a Judgement" is inaccurate. In the order denying Motion 2, the court noted that "[Appellants] have failed to establish any grounds for a new trial or to alter or amend the judgment." Finally, Appellants contend that granting the Rule 60 motion "will not

prejudice the Defendants" as Appellants are "merely seek[ing] to correct improperly filed motions to retain their collateral rights of appeal." But a court may grant a Rule 60(b) motion only for the limited reasons set forth under the Rule. *See Gonzalez v. Nguyen*, 243 Ariz. 531, 534, ¶¶ 10–12 (2018). Lack of prejudice to the opposing party is not a basis on which a court may grant relief from a final judgment. *See* Ariz. R. Civ. P. 60(b)(1)–(6); *Trisha A. v. Dep't of Child Safety*, 247 Ariz. 84, 89, ¶ 18 (2019) (noting that it is a "'well-settled requirement[] of law' that a motion to set aside a judgment be supported by a meritorious defense" (quoting *Copper King of Ariz. v. Johnson*, 9 Ariz. 67, 71 (1904))).

## CONCLUSION

¶16         For the foregoing reasons, we affirm the court's denial of Appellants' Rule 60(b) motion.



AMY M. WOOD • Clerk of the Court
FILED:     AGFV

7