NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In the Matter of:

THE RICK CHAMPAGNE REVOCABLE TRUST,

THE R.L. TRUST
JAY DOUGLAS WILEY II

No. 1 CA-CV 25-0387 PB

FILED 03-06-2026

Appeal from the Superior Court in Maricopa County
No. PB2023-050690
No. PB2023-050691
The Honorable Vanessa N. Smith, Commissioner

**AFFIRMED IN PART, REVERSED IN PART, REMANDED**

COUNSEL

Evans Dukarich LLP, Tempe
By Gary Dukarich, Steven L. Evans, Nicholas J. Kuntz, Michael Malin, and
Jeff Boshes
*Counsel for Respondent/Appellant Christopher M. Bozer*

Becker & House, PLLC, Scottsdale
By Mark E. House and Amanda L. Barney
*Counsel for Petitioner/Appellee Amanda Champagne*

Iannitelli Marcolini, P.C., Phoenix
By Claudio E. Iannitelli and Jason K. Thomas
*Co-Counsel for Petitioner/Appellee Amanda Champagne*

---

## MEMORANDUM DECISION

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Vice Chief Judge David D. Weinzweig joined.

---

**F A B I A N**, Judge:

**¶1** Christopher M. Bozer appeals from the superior court's judgment (1) removing him as a co-trustee of a private trust, (2) finding no basis for continued payment by the Trust of his litigation expenses, and (3) denying his renewed motion for Rule 59 relief.

**¶2** Because the superior court did not abuse its discretion in finding Bozer was unfit to serve as co-trustee, this Court affirms his removal. However, under the plain language of the Trust, Bozer may still be reimbursed for litigation expenses even though he is no longer serving as trustee. Thus, the portion of the judgment declaring that he may not recover such expenses is reversed.

## FACTS AND PROCEDURAL HISTORY

**¶3** Richard ("Rick") Champagne[1] was the original trustee of the Rick Champagne Revocable Trust ("the Trust"). Rick and Bozer were business partners. The Trust named Bozer, Jay Douglas Wiley II, and Amanda Champagne (Rick's daughter) as successor co-trustees.

**¶4** After Rick's death, Ann Marie Champagne (Rick's ex-wife and Amanda's mother) petitioned to have a previous version of the Trust pronounced the governing instrument. In support of her petition, she alleged Bozer and Wiley, among others, had unduly influenced Rick to execute various amendments to earlier versions of the Trust.

**¶5** Amanda then petitioned to remove Bozer and Wiley as co-trustees and unwind the sale of the controlling interest in the largest asset of the Trust. She claimed Bozer and Wiley had sold the controlling interest

---

[1] To avoid confusion, this Court respectfully refers to all persons with the last name of Champagne by their first names.

without disclosing the transaction to her or the Trust's beneficiaries and for significantly less than fair market value.

¶6　　　　On August 29, 2024, Amanda filed an emergency petition to remove Bozer from his position as co-trustee based on multiple arrests and statements Bozer made to the police. Specifically, Bozer had been arrested on charges of domestic battery by strangulation, assault, and unlawful imprisonment. One case was dismissed because the victim would not cooperate. In the other, Bozer pled guilty to assault. Bozer was also arrested for two counts of interference with judicial process for violating an order of protection. Amanda attached copies of the arrest reports and dispositions to her petition. In those reports, Bozer made statements to police admitting to illicit drug use and informed police and a treating doctor that he was a danger to himself. He also admitted violating an order of protection. Finally, Amanda alleged that Bozer had offered one million dollars to "an acquaintance to kill his business partner's ex-wife that was suing him."

¶7　　　　The superior court held an initial hearing on the petition. At the end, the court removed Bozer from his position as co-trustee of the Trust. The court reasoned:

> My biggest concern here . . . I pulled up the criminal docket and looked at a plea. Mr. Bozer actually entered a plea, I believe, mid-July, July 16th if I looked at the date correct. Which actually was before he committed the interference with judicial process. So in other words, he was on release for one action, one criminal action, when he committed yet another.

> When we look at that, along with the two counts of interference with judicial process, along with the threats to— and, one, an interested person, but also the mother of three of the beneficiaries, it just—it is not appropriate for him to continue to serve.

¶8　　　　The court concluded "under 14-10706 I am removing Mr. Bozer. He is not fit at this time to serve as trustee. And that certainly at least should cure any financial concerns."

¶9　　　　Thereafter, the court filed an order finding that because "Bozer is no longer Co-Trustee of the [Trust], there is no basis for the continued payment by the [Trust], of [Bozer's] fiduciary attorney . . . and his firm." The superior court denied Bozer's renewed motion for Rule 59 relief on March 25, 2025. However, because that order was unsigned, this Court ordered this appeal be stayed until the entry of a signed order. The

superior court signed that order on January 30, 2026, and entered it on February 2, 2026, lifting the stay. Bozer's premature notice of appeal is deemed effective. *See Eaton Fruit Co. v. Cal. Spray-Chem. Corp.*, 102 Ariz. 129, 130 (1967); *Tripati v. Forwith,* 223 Ariz. 81, 84-85 ¶¶ 14-17 (App. 2009).

**¶10**        This Court has jurisdiction over Bozer's timely appeal under Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and 2101(A)(9).

## DISCUSSION

### I.        The Superior Court Did Not Abuse Its Discretion When It Removed Bozer as a Co-Trustee.

**¶11**        Bozer argues the superior court violated his right to due process under the United States and Arizona Constitutions by removing him as co-trustee of the Trust without an evidentiary hearing. He also argues the Arizona Rules of Probate Procedure required an evidentiary hearing before his removal. He contends the record was devoid of evidence to support his removal as co-trustee.

**¶12**        This Court reviews the removal of a trustee for an abuse of discretion. *See In re Est. of Newman*, 219 Ariz. 260, 270-71 ¶¶ 39-40 (App. 2008); Restatement (Third) of Trusts § 37 cmt. d (2003). This Court does not reassess "conflicting evidence or redetermine the preponderance of the evidence, but examine[s] the record only to determine whether substantial evidence exists to support the trial court's action." *In re Est. of Pouser*, 193 Ariz. 574, 579 ¶ 13 (1999). This Court also accepts the superior court's factual findings unless they are clearly erroneous. *Est. of Newman*, 219 Ariz. at 265 ¶ 13.

#### A.        Bozer's Due Process Rights Were Not Violated.

**¶13**        Bozer first argues that he had a property right in his appointment as co-trustee. Thus, his removal without an evidentiary hearing violated the due process clauses of both the state and federal constitutions.

**¶14**        The initial inquiry in analyzing a due process argument is whether a constitutionally protected property interest exists. *See Bd. of Regents of State Coll. v. Roth*, 408 U.S. 564, 577 (1972); *Alpha, LLC v. Dartt*, 232 Ariz 303, 305 ¶ 11 (App. 2013). No Arizona law explicitly states that a trustee has a property interest in his trustee appointment.

¶15        But assuming without deciding that Bozer had a property interest in his co-trusteeship, this Court finds that Bozer received due process. Due process requires "notice and an opportunity to be heard." *Iphaar v. Indus. Comm'n*, 171 Ariz. 423, 426 (App. 1992). Bozer received notice of the removal hearing, which both he and his attorney attended.

¶16        Parties are not always entitled to an evidentiary hearing to satisfy due process requirements. "Procedural due process does not require an evidentiary hearing . . . when the legal claims do not turn on disputed facts." *State v. Hidalgo*, 241 Ariz. 543, 549 ¶ 11 (2017). Arizona law permits a superior court to remove a trustee for lack of fitness. A.R.S. § 14-10706(B)(3). Here, based on undisputed facts, the superior court found Bozer unfit to serve.

¶17        The superior court found Bozer was unfit for several reasons, including his guilty plea, interference with judicial process, criminal proceedings, and threats against Ann Marie. The court took judicial notice of the criminal proceedings against Bozer. The court reviewed police records that documented Bozer's arrest for two counts of interference with judicial process. The record shows Bozer entered a guilty plea in one of the criminal cases. Although the court did not view the body camera footage showing Bozer making threatening statements of harm to Ann Marie, Bozer's attorney conceded Bozer made statements of harm.

¶18        Bozer also argues that removal was improper because his misconduct is unrelated to his ability as a trustee. But the plain language of A.R.S. § 14-10706(B) does not require that relationship:

> The court may remove a trustee if:
>
> 1. The trustee has committed a material breach of trust.
>
> 2. Lack of cooperation among cotrustees substantially impairs the administration of the trust.
>
> 3. Because of unfitness, unwillingness or persistent failure of the trustee to administer the trust for the benefit of the beneficiaries, the court determines that removal of the trustee best serves the interests of the beneficiaries.
>
> 4. There has been a substantial change of circumstances or removal is requested by all of the qualified beneficiaries, the court finds that removal of the trustee best serves the interests of all of the beneficiaries and is not inconsistent with a

material purpose of the trust and a suitable cotrustee or successor trustee is available.

**¶19** Bozer may be deemed unfit for misconduct unrelated to his role as trustee. Indeed, the Restatement (Third) of Trusts section 37, comment e (2003), lists unfitness due to substance abuse or the commission of a crime as possible grounds for removal of a trustee. Bozer has not shown that the court abused its discretion in removing him as a co-trustee under A.R.S. § 14-10706(A)(3).

### B. The Arizona Rules of Probate Procedure Did Not Require an Evidentiary Hearing.

**¶20** Bozer next argues the Arizona Rules of Probate Procedure required an evidentiary hearing before his removal as co-trustee. Specifically, he argues, citing Rule 17(b)(2) of the Arizona Rules of Probate Procedure, that "[w]here a probate proceeding is contested, the Rules require a court to 'follow the procedures set forth in Rules 27-29 relating to contested matters.'"

**¶21** The problem with Bozer's argument is that he waited until two days before the initial hearing to file an objection when, in order to contest the petition, an objection had to be filed no later than seven days before the hearing. Ariz. R. Prob. P. 15(e)(1). Furthermore, Arizona Rule of Probate Procedure 23(b) is permissive with respect to an evidentiary hearing, providing: "[i]f the court does not decide at the initial hearing all the issues raised in a petition, the court may set an evidentiary hearing on the remaining issues." Here, the court decided all the issues raised in Amanda's petition concerning Bozer at the initial hearing and thus no evidentiary hearing was required. As noted above, Bozer does not actually dispute any of the factual allegations on which the petition was based. The probate rules do not require an evidentiary hearing under these circumstances.

### II. The Superior Court Erred in Finding There Was No Basis For the Continued Reimbursement of Bozer's Fiduciary Attorney Fees and Its Ruling Is Premature.

**¶22** Finally, Bozer argues the superior court erred by refusing to reimburse him for future litigation expenses. The superior court found Bozer was no longer entitled to legal expenses after his removal as trustee. This Court reviews *de novo* a superior court's legal conclusions in a probate matter. *Matter of Ghostley*, 248 Ariz. 112, 115 ¶ 8 (App. 2020).

¶23 The superior court focused on Bozer's status as a former trustee as the reason for precluding his reimbursement. But the Trust at Article VI(I) provides that:

> Any Trustee, whether or not presently serving as such hereunder, shall be fully indemnified (out of the income and/or the principal of the Trust or any trusts created hereunder), for any liability and/or expenses, including reasonable attorneys' fees, incurred by or damages assessed against the Trustee, in his or her capacity as such, for acts or omissions of the Trustee, unless such liability, expenses or damages are finally adjudged to have been caused by the Trustee's gross negligence, fraud or willful misconduct. Expenses incurred by the Trustee in defending an action brought against the Trustee in his or her capacity as such may be paid by the trust in advance of the final disposition of the action upon a written undertaking from the Trustee claiming indemnification to repay such amount unless it shall ultimately be determined that the Trustee is entitled to be indemnified as provided in this Paragraph K. of Article VI.

¶24 The Trust expressly contemplates indemnification of a trustee "whether or not presently serving," which by its plain language includes a former trustee. According to A.R.S. § 14-10105(B), the terms of a trust prevail over the Arizona Trust Code, except for certain enumerated provisions not applicable here. Thus, the court erred in precluding Bozer from reimbursement by the Trust for his legal expenses merely because his status changed from current to former trustee.

¶25 The superior court's order is also premature. Bozer has not yet applied for reimbursement of legal expenses after his status change. If Bozer applies for reimbursement, the superior court shall consider Bozer's entitlement under the Trust's requirements.

¶26 Because the superior court erred as a matter of law and its ruling is premature, this Court reverses the determination that Bozer is no longer entitled to reimbursement of his litigation expenses.

## CONCLUSION

¶27 For the foregoing reasons, this Court affirms the removal of Bozer as a co-trustee but reverses its judgment finding no basis for the continued payment by the Trust of Bozer's litigation expenses. This matter

is remanded for proceedings consistent with this decision. In its discretion, this Court denies the parties' requests for attorney fees.

